Citation Nr: 1610615 
Decision Date: 03/16/16 Archive Date: 03/23/16

DOCKET NO. 14-22 680 ) 
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to a total rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Marcella Coyne, Associate Counsel



INTRODUCTION

The Veteran served active duty from October 1972 to December 1973.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from am August 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri denying the Veteran entitlement to a TDIU. 

Although this appeal was not processed using the Veterans Benefits Management System (VBMS) paperless claims processing system, the Board notes that there are some additional electronic records in VBMS as well as the Virtual VA claims processing system. Accordingly, any future consideration of this case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Total disability ratings for compensation may be assigned if the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a) (2015). Such a rating is referred to as a TDIU. However, to be considered for assignment of a TDIU the Veteran's service-connected disabilities must meet the following criteria: (1) if there is only one such disability, this disability shall be ratable at 60 percent or more; or (2) if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. Id. VA will interpret the schedular requirements in 38 C.F.R. 4.16(a) to mean that a combined 70 percent rating is only required if no single disability is rated at 60 percent disabling. See Veterans Benefits Administration (VBA) Fast Letter 13-13 (June 17, 2013). However, to calculate whether the Veteran has a 60 percent rating or 40 percent rating for at least one disability, the following types of disabilities may be combined: (1) disabilities of one or both upper extremities, or of one or both lower extremities; (2) disabilities resulting from a common etiology or a single accident; (3) disabilities affecting a single body system; (4) multiple injuries incurred in action; or (5) multiple disabilities incurred as a prisoner of war. Id. Such disabilities may be combined in accordance with 38 C.F.R. § 4.25, Table I. According to Table I, combined ratings are computed by starting with the most severe, or highest rated service-connected condition, and ending with the conditions that are least severe, or that have the lowest assigned rating. Id. 

Here, the Veteran is service-connected for the following: (1) lumbosacral spine sacralization (back disability) at 40 percent; (2) dysthymic disorder secondary to his back disability at 30 percent; (3) bilateral hearing loss at 10 percent; and (4) tinnitus at 10 percent. His combined disability evaluation is 70 percent effective from March 2013. Thus, the Veteran meets the basic minimum eligibility criteria of 38 C.F.R. § 4.16(a). 

In a brief submitted by the Veteran's representative in January 2015, the Veteran's representative submits that the Veteran's circumstances should be given special consideration because of the effects of the narcotic pain medications he takes for his back. The Veteran asserts that these medications make it difficult for him to work. A July 2010 statement from Dr. B. T. is somewhat supportive of the Veteran's contention and indicates that the Veteran's back pain was more significant at work due to recurrent twisting and standing on concrete, and that the Veteran's narcotic pain medications taken for his service-connected back disability and his nonservice-connected hand and wrist disability caused the following side-effects: (1) somnolence; (2) decreased ability to concentrate; (3) decreased ability to perform tasks requiring cognitive ability; and (4) decreased coordination. He also noted, however, that the Veteran's nonservice-connected reflux esophagitis precluded the chronic use of narcotic medication. He noted further that because of the Veteran's chronic low back pain and his chronic nonservice-connected knee pain, standing or sitting for more than thirty minutes at a time, especially on concrete surfaces exacerbates the Veteran's chronic discomfort as did bending and stooping. He then went on to recommend several restrictions and essentially concluded that the Veteran was unable to do his then-current job or any other job because of his left wrist. In a later September 2013 letter Dr. B.T. indicated that while the Veteran had multiple medical problems, he was unemployable because of his low back pain and the side effects of the narcotic medication taken for such disorder. In this letter he did not mention that because of the Veteran's reflux esophagitis, he was unable to use narcotic medication on a regular basis as he had indicated in his previous letter. 

A review of the June 2014 Statement of the Case (SOC) indicates that the RO considered Dr. T.'s September 2013 letter, but discounted such letter because he did not discuss the Veteran's functional impairment to perform physical and/or sedentary employment. The Board finds that the both of Dr. T.'s letters are insufficient to grant the benefits sought on appeal. The first letter, while detailed discusses the combined impact of the Veteran's service-connected and nonservice-connected disabilities on his ability to work. The second letter, as correctly noted by the RO merely provides a conclusory statement regarding the Veteran's service-connected low back disability without any details. Moreover, a review of the claims file reveals that the Veteran underwent a VA evaluation for his service-connected conditions in August 2013, and while a functional assessment was made regarding each service-connected disability, no such assessment regarding his TDIU claim was made in light of the contentions regarding the use of narcotic medication. Although the Board acknowledges that a functional assessment may not be required for all TDIU claims, given the foregoing circumstances, the Board has determined that additional development of this claim is required. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination with an appropriate clinician for a functional assessment. The entire claims file and a copy of this remand must be made available to the examiner for review, and the examiner must specifically acknowledge receipt and review of these materials in any reports generated.

Along with the effects of the Veteran's other service-connected disabilities, the examiner should address side-effects from the Veteran's narcotic pain medications when assessing the impact of the Veteran's back condition on his ability to work.

The examiner should provide an opinion as to the degree of occupational impairment attributable to the Veteran's service-connected low back disability; dysthymic disorder; bilateral hearing loss; and tinnitus, emphasizing what types of employment activities would be limited because of those service-connected disabilities, what types of employment would not be limited (if any), and whether any limitation on employment is likely to be permanent. In making these determinations, the examiner should take into account the Veteran's own assertions regarding the impact of his service-connected disabilities on his ability to work and perform daily living activities. The Veteran's age and the effects of nonservice-connected disabilities cannot be factors for consideration in making these determinations. 


2. After completing the above, and any other development deemed necessary, readjudicate the Veteran's claim based on the entirety of the evidence. If the benefits sought on appeal are not granted to the Veteran's satisfaction, he and his representative should be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).